Robbins Geller
Rudman & Dowd LLP

Atlanta        Chicago       Melville      Philadelphia   San Francisco
Boca Raton     Manhattan     Nashville     San Diego      Washington, DC

Mark S. Reich
MReich@rgrdlaw.com

May 30, 2017

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Costco Wholesale Corp. v. Kurtz*, No. 17-1023
            *Kimberly-Clark Corp. v. Kurtz*, No. 17-1028
            Response to Supplemental Authority Submitted in Support of Rule 23(f) Petitions

        We represent Plaintiff-Respondent ("Plaintiff") in the above-referenced cases. We submit this response to the Defendants-Petitioners' ("Defendants") FRAP 28(j) letter, apprising the Court of a recent district court decision in *Kommer v. Bayer Consumer Health*, 2017 WL 2231162 (S.D.N.Y. May 18, 2017).

        Defendants ignore a critical portion of the court's ruling, which actually undermines the basis of their FRCP 23(f) petitions. Indeed, the court reaffirmed that "[c]onduct is materially misleading under GBL §§349 and 350 if it is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Id.* at *5 (citation omitted). The court recognized that the reasonable consumer "inquiry is an objective one." *Id.* And, additionally, the court found that, for GBL §350 claims, there is "no reliance element." *Id.* at 5 n.2.

        Thus, as Plaintiff previously argued, Judge Weinstein's application of the objective reasonable consumer in this case demonstrates that "numerous common questions (with common answers) exist, and that they predominate over any purported individual issues conjured by Defendants." Petition Opposition at 2-3. This effectively forecloses Defendants' FRCP 23(b)(3) arguments to the class certification order. Consequently, without a valid basis to challenge FRCP 23(b)(3) certification, the Court's "resolution of this issue 'would result at most in a modification of a certification order,' … making this case an 'unlikely candidate[] for Rule 23(f) appeal.'" Petition Opposition at 24 (citing *In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001).

        In any event, the *Kommer* court's standing analysis is somewhat inconsistent. On one hand, it recognized that Plaintiff's "public policy" position "presents the better approach." 2017 WL 2231162, at *4. On the other hand, the court dismissed the complaint for lack of standing based on

a strained reading of *Nicosia v. Amazon.com, Inc.,* 834 F.3d 220 (2d Cir. 2016). *Id.* Regardless of this inconsistency, this decision gets Defendants no further in satisfying *Sumitomo's* high standard for interlocutory appeal, as discussed more fully in Plaintiff's opposition brief.

We similarly adopt plaintiff Belfiore's arguments in *The Procter & Gamble Co. v. Belfiore*, Case No. 17-1031, Dkt. No. 29, regarding plaintiff and class members' continued risk of harm.

Respectfully submitted,

Mark S. Reich

cc: All Counsel of Record via ECF